**ZHE–YONG ZOU, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

**No. 02–4628 AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Jonathan H. Koenig, Assistant United States Attorney (Steven M. Biskupic, Unit-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

ed States Attorney for the District of Wisconsin, on the brief), Milwaukee, Wisconsin, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") is hereby DENIED. The motion for a stay of removal is DENIED as moot.

Zhe–Yong Zou petitions for review of a BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court generally reviews only the final order of the BIA, but when the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, upholding such findings when they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (internal quotation omitted)).

■ In this case, the IJ and BIA found that the following discrepancies, inconsistencies, and implausibilities caused Zou's testimony not to be credible: (1) Zou testified that his wife had an IUD inserted in January 1986, but submitted a document reflecting that she had an IUD inserted in February 1984; (2) Zou testified that he had a second child in 1986 and was fined for excessive births that same year, but submitted a document reflecting that both his children were born by 1985 and he was fined in 1985; (3) Zou testified that he and his family fled their house for good in 1986, but submitted a letter from his wife bearing a return address identical to the address of the abandoned house; and (4) Zou testified that they fled from the authorities in his village, but testified that his wife was able to return to the village cadre to obtain a certificate of her sterilization.

Because these findings are substantially supported by the record, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise" on the specific grounds listed by the BIA in affirming the IJ. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005). Nor do we conclude that the findings are based on flawed reasoning or an inappropriately stringent standard. *See Secaida–Rosales*, 331 F.3d at 307.

■ Because Zou did not seek CAT relief before either the IJ or the BIA, he has not exhausted all administrative remedies available to him, and this Court does not have jurisdiction to address the broader issue of whether he is eligible for relief under the CAT. *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004) (internal quotation omitted).

For the foregoing reasons, the petition for review is hereby **DENIED**. The motion for a stay of removal is also **DENIED**.